| | |
|---|---|
| WYMON GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TRANSUNION, LLC, ) | |
| ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

**I.     BACKGROUND**

Pro se Plaintiff Wymon Griffin, a resident of Charlotte, North Carolina, filed this action on October 10, 2017. (Doc. No. 1 at 1). Plaintiff has named as the sole Defendant TransUnion, LLC, with an alleged principal place of business in Pennsylvania. Plaintiff alleges that subject matter jurisdiction exists in this Court based on both federal question, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.[1] See (Doc. No. 1 at 3). Plaintiff purports to bring claims "under the following federal statutes, and provisions [of] the United States Constitution: 28 U.S.C. 1331, 28 U.S.C. 1332, Title 42 U.S.C. 1983 and 1985, Title 5 U.S.C. 2302(b), and Section III of the

---

[1] Plaintiff alleges that diversity jurisdiction exists under Section 1332 because Plaintiff is a North Carolina resident, Defendant TransUnion has its principal place of business in Pennsylvania, and the amount in controversy exceeds $75,000 because "[t]he amount in controversy or at stake in this matter before the Court is Thirty Million Dollars ($30,000,000)." (Doc. No. 1 at 4).

-1-

Constitution."[2] (Id.). Plaintiff also purports to bring various state law tort claims against Defendant, including fraud, negligence, and slander.

Although Plaintiff's Complaint is not a model of clarity, he appears to allege, essentially, that Defendant TransUnion, a company that compiles credit history and reports credit scores, committed fraud and other illegal acts by reporting an inaccurate and incorrect credit score on Plaintiff's credit report due to "a pattern of institutionalized racial discrimination." (Id. at 6). Plaintiff also appears to allege that Defendant somehow "conspired" with Ashley Place Apartments, where Plaintiff apparently lived as a tenant at some point, to commit fraud related to Plaintiff's credit scores. Plaintiff alleges the following, for instance:

> Defendant's discriminatory practices, defamation of Plaintiff's character, slander, fraud, and violation of a State Court Order, as shown in the additional pages . . . will enumerate the occurrence of the Defendant's conduct and involvement that caused harm to the Plaintiff; whereby, it appears that the Defendant and Ashley Place Apartments conspired to violate Court Orders issued by the Mecklenburg County District Court; more Defendant caused a breach in private agreement sanctioned by Mecklenburg County District Court . . . .

(Id. at 4). With regard to alleged conduct by Defendant and Ashley Place Apartments, Plaintiff further alleges that:

> Defendant caused a breach in a private agreement sanctioned by the State of North Carolina, in the General Court of Justice, District Court Division, filed on April 21, 2013, Case File 13CVD-019670l; whereby, in the Case of: Ashley Place Apartments versus Wymon Griffin, the Court's findings of facts and inference show that Ashley Place Apartments used fraud upon the Court to gain a magistrate judgment and claims of Ashley Place Apartments. The Court also allowed the two parties to enter into a Court sanctioned private agreement; in lieu of judgment against Ashley Place Apartments for breach of contract, Mr. Griffin accepted a sum certain in the amount of seventeen hundred dollars ($1700) for the breach caused by Ashley Place Apartments, pursuant to the Uniform Commercial Code adopted by the State of North Carolina, the local or Mecklenburg County Court rules of arbitration.

---

[2] Plaintiff also cites various federal criminal statutes, for which there is no private right of action.

(Id. at 5). Plaintiff goes on to allege that Defendant "has not restored Plaintiff's true credit rating to its prior state; moreover, the Defendant's reporting of false information concerning Plaintiff appears to be fraud, corruption, and institutionalized racial discrimination in the highest of places; in that, the Defendant's opinion is highly relied upon by commercial institutions and financial institutions alike." (Id.). For relief, Plaintiff states that "he is entitled to claim actual damages for past and continuing institutional racial discrimination, slander, fraud, and denial of Plaintiff's constitutional right in excess of [$30 million]. Plaintiff pray[s] that the Court order the Defendant to remove all derogatory remarks from Plaintiff's credit report, and make the Plaintiff's credit score: nine hundred (900)." (Id. at 16).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court will dismiss this action on initial review. As noted, Plaintiff purports to bring

claims under "Title 42 U.S.C. 1983 and 1985, Title 5 U.S.C. 2302(b), and Section III of the Constitution." First, Plaintiff alleges that this action arises, in part, under 42 U.S.C. § 1983. The sole Defendant TransUnion is a private entity. Only persons or entities acting "under color of state law" are subject to suit under 42 U.S.C. § 1983. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). Therefore, to the extent that Plaintiff intended to bring his action as a Section 1983 civil rights action, Defendant is not subject to suit in such action. Furthermore, Section 1983 does not in and of itself confer any federal right—it is merely a vehicle through which a plaintiff may sue a person or entity acting, under color of state law, in violation of the plaintiff's federal rights.

Plaintiff also appears to attempt to bring an action for "conspiracy" under 42 U.S.C. § 1985(3). To state a claim of civil conspiracy pursuant to 42 U.S.C. § 1985(3), Plaintiff must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy that resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Plaintiff's conclusory allegations of a conspiracy between Defendant and Plaintiff's former landlord, Ashley Place Apartments, to deprive Plaintiff of his rights based on "institutionalized racism" simply are not enough to state a claim for civil conspiracy under Section 1985(3). Plaintiff alleges that Defendant somehow interfered with state court summary ejectment proceedings against Plaintiff by Ashley Place Apartments, but Plaintiff fails to allege how Defendant, a credit reporting agency, had any contact with Ashley Place Apartments or how Defendant was allegedly aware of the state court

proceedings involving Plaintiff. As the Court explains further, below, Plaintiff's allegations simply do not meet the "plausibility" test under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff also alleges that this action arises under 5 U.S.C. § 2302(b). Section 2302(b), which is a federal statute setting forth factors that may not be considered in a merits determination for federal employment, simply does not apply to Plaintiff. Finally, Plaintiff alleges that Defendant violated his rights under "Section III of the Constitution." Plaintiff is purportedly referring to a section within one of the seven Articles in the U.S. Constitution, but the Court cannot discern what section Plaintiff intended to cite. In sum, Plaintiff simply has not stated a cognizable claim for relief based on Section 1331 federal question in this Court—that is, he has not alleged a cognizable claim for a violation of any rights under the Constitution, laws, or treaties of the United States.

Finally, as to Plaintiff's purported state law claims, Plaintiff has failed to state a cognizable claim for relief on initial review. A complaint must allege enough facts to state a claim for relief that is facially plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. Ashcroft v. Iqbal, 556 U.S. at 678. A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Here, as noted, supra, Plaintiff alleges, in conclusory fashion, that Defendant somehow committed fraud and other state torts, including negligence and slander, by conspiring with Ashley Place Apartments

and interfering with proceedings in state court against Plaintiff. See (Doc. No. 1 at 8). Plaintiff alleges Defendant assigned Plaintiff a low credit score, which Plaintiff attributes to, among other things, "institutionalized racism." Plaintiff alleges that Defendant caused Plaintiff "irreparable damages" due to Defendant's "failure to check the accuracy of information gathered from its clients." (Id. at 5).

Plaintiff alleges no facts whatsoever to show that Defendant committed negligence or fraud in determining Plaintiff's credit score, nor has he has presented any facts to support his conclusory allegations that his former landlord Ashley Place Apartments somehow "conspired" with Defendant to interfere with state court proceedings, as a result of inherent, "institutional racism." In sum, Plaintiff's allegations simply do not "nudge the plaintiff's claims across the line from conceivable to plausible."[3] The Court will, therefore, dismiss this action for failure to state a claim for relief. The dismissal will be without prejudice to Plaintiff commence any action needed to dispute his credit scores directly with Defendant and so that he may bring a federal action under the Fair Credit Reporting Act once he has disputed his credit scores, if he so wishes.[4]

---

[3] Furthermore, as to Plaintiff's fraud claim, Plaintiff has wholly failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure, which states that fraud must be alleged with particularly.
[4] Under the Fair Credit Reporting Act, when a consumer believes that a credit reporting agency's published information is incorrect, the consumer must file a dispute with the credit reporting agency. See 15 U.S.C. § 1681i(a)(1). The credit reporting agency then notifies the creditor or creditor's agent about the dispute. See id. § 1681i(a)(2). Upon receiving notification of the dispute, the creditor that provided the information must "conduct a reasonable investigation of their records to determine whether the disputed information can be verified." Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004). At the conclusion of the investigation, the creditor must disclose the investigation's result to the credit reporting agency, which must then take action to remedy the inaccurate or incomplete information. See 15 U.S.C. § 1681s–2(b)(1)(C)-(E). Plaintiff alleges no facts in the Complaint showing that he complied with the FCRA's requirement to file a dispute with TransUnion over his credit report before

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

2. This action is **DISMISSED** on initial screening for the reasons stated herein. The dismissal will be without prejudice to Plaintiff.

Signed: October 31, 2017

Frank D. Whitney
Chief United States District Judge

---

filing this action.